IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| IN RE: § | |
| § | |
| PHILIP EMIABATA AND SYLVIA § | CAUSE NO. A-08-CA-0013 LY |
| EMIABATA, § | |
| DEBTORS § | |
| § | |
| PHILIP EMIABATA DBA NOVA § | |
| EXPRESS AND SYLVIA EMIABATA, § | |
| APPELLANTS, § | |
| § | |
| V. § | |
| § | |
| DEBORAH B. LANGEHENNIG, § | |
| AS CHAPTER 13 TRUSTEE, § | |
| APPELLEE. § | |

## MEMORANDUM OPINION AND ORDER

This case is an appeal of an order of the United States Bankruptcy Court for the Western District of Texas, Austin Division dismissing Appellants' bankruptcy case with prejudice. *See* 28 U.S.C. § 158(a)(1) (2006). Before the Court are Appellants Philip and Sylvia Emiabata's Brief filed February 25, 2008 (Doc. #4) and Brief for Appellee Deborah B. Langehannig, as Chapter 13 Trustee, filed March 7, 2008 (Doc. #5) with Appendix (Doc. #6). On March 27, 2008, the Court entertained oral argument. Having carefully considered the briefs, record, argument of counsel, and applicable law, the Court concludes that the bankruptcy court's dismissal of Appellants' bankruptcy case with prejudice should be affirmed for the reasons to follow.

### I. Factual Background

On May 2, 2005, Appellants Philip Emiabata and Sylvia Emiabata (the "Emiabatas") filed a voluntary petition seeking relief under Chapter 13 of the United States Bankruptcy Code in case number 05-12492. *See* 11 U.S.C. §§ 1301-1330 (2004 & Supp. 2008). The Emiabatas filed an

amended petition May 18, 2005, disclosing information regarding two prior bankruptcy cases, case numbers 04-10113 and 04-14490. Case number 04-10113 was a Chapter 13 case filed January 5, 2004, and dismissed on July 7, 2004, for failure to timely make plan payments pursuant to the proposed plan. Case number 04-14490, also a Chapter 13 case, was filed September 2, 2004, less than 2 months after the dismissal of the first bankruptcy case. The second Chapter 13 case was initially dismissed on October 14, 2004 for failure to file a plan or schedule. The Emiabatas filed a motion to reconsider, after which the case was reinstated on January 5, 2005, by an Agreed Order Vacating Order of Dismissal and Reinstating Chapter 13 Case (the "Agreed Order").

Pursuant to the Agreed Order, the Emiabatas were required to meet certain terms ordered by the bankruptcy court. The Agreed Order provided that the Emiabatas' failure to comply with the terms of the Agreed Order would result in a dismissal of their bankruptcy. On February 14, 2005, the bankruptcy court rendered an Order for Summary Dismissal of Case for the Emiabatas' failure to comply with the Agreed Order. The Emiabatas filed their third bankruptcy case, the case now before this Court, on May 2, 2005.

On June 23, 2005, Langehennig, the Chapter 13 Trustee, filed a Motion to Dismiss Chapter 13 Case with Prejudice for the Emiabatas' failure to submit requested tax returns. Langehennig filed an amended motion to dismiss July 5, 2006, adding as grounds for dismissal the Emiabatas' failure to provide information to Langehennig regarding their business entity. On September 7, 2005, the Emiabatas and Langehennig entered into an Agreed Order on Trustee's Motion to Dismiss with Prejudice (the "Second Agreed Order") that ordered the Emiabatas to comply with certain terms as stated in the order and further stated that failure to comply with those terms would result in a

2

summary dismissal of the case with prejudice. The proposed plan was confirmed by the bankruptcy court on August 8, 2006.

On April 3, 2007, Langehennig filed a second Motion to Dismiss Case with Prejudice for failure to make plan payments pursuant to the Second Agreed Order and confirmed plan, which was denied by the bankruptcy court on May 18, 2007. The bankruptcy court ordered the Emiabatas to comply with certain conditions, including the filing of a motion to modify plan to address remaining plan-payment arrearages. On May 22, 2007, the Emiabatas filed a Motion to Modify a Confirmed Chapter 13 Plan. Following a hearing, the bankruptcy court signed an Order Regarding Motion to Modify Plan on August 28, 2007, requiring the Emiabatas comply with additional court-ordered terms or be subject to summary dismissal.

On September 17, 2007, the Trustee submitted an Order for Summary Dismissal of Case based upon the Emiabatas' failure to comply with the terms of August 28, 2007 order, which the bankruptcy court signed that same day. On October 11, 2007, the Emiabatas filed a Motion to Reconsider Dismissal of Case, which was denied on December 3, 2007, following a hearing before the bankruptcy court on November 20, 2007. The Emiabatas filed their notice of appeal on December 14, 2007.

## II. Standard of Review

On appeal, this Court reviews the bankruptcy court's findings of fact under a clearly erroneous standard and reviews conclusions of law *de novo*. *In re Amco Ins.*, 444 F.3d 690, 694 (5th Cir. 2006) (citing *In re Jack/Wade Drilling, Inc.*, 258 F.3d 385, 387 (5th Cir.2001)). The bankruptcy court's summary dismissal in this case is reviewed for clear error. *See In re Love*, 957 F.2d 1350, 1356 (7th Cir. 1992); *In re Stanley*, 224 Fed. Appx. 343, 345-46, WL 1026423 at *2 (5th Cir. 2007).

### III. Analysis and Conclusion

The bankruptcy court dismissed the Emiabatas' third Chapter 13 case pursuant to section 1307 of the Bankruptcy Code. Section 1307 provides in pertinent part that "on request of a party in interest ... the court may dismiss a case under this chapter ... for cause, including– (1) unreasonable delay by the debtor that is prejudicial to creditors." 11 U.S.C. § 1307 (c)(1) (2004 & Supp. 2008).

This Court finds the evidence clear and convincing that the Emiabatas have continuously failed to comply with the bankruptcy court's orders and conditions. Although acting *pro se*, the Emiabatas are not unsophisticated persons. They have filed three Chapter 13 cases, all three of which have been dismissed by the bankruptcy court for their failure to comply with the proposed plan or with the terms of the parties' agreed orders. "As long as there are two permissible views of the evidence, [the Court] will not find the factfinder's choice between competing views to be clearly erroneous. If the bankruptcy court's account of the evidence is plausible in light of the record viewed as a whole, [the Court] will not reverse it." *In re Acosta*, 406 F.3d 367, 373 (5th Cir. 2005) (internal citation omitted). Liberally construing the actions of the Emiabatas as *pro se* litigants, the Court concludes that the bankruptcy court's dismissal is without clear error and that the dismissal should be affirmed.[1]

**IT IS THEREFORE ORDERED** that the September 17, 2007 Order of Summary Dismissal of Case with Prejudice by the United States Bankruptcy Court for the Western District of Texas

---

[1] The Emiabatas contend that the summary dismissal violated their due process. The record reveals that the Emiabatas were properly notified of all bankruptcy-court proceedings and filings and were afforded a hearing before the bankruptcy court on their motion to reconsider summary dismissal. Thus, the Court finds the Emiabatas' due-process claim without merit. *See In re Hammers*, 988 F.2d 32, 35 (5th Cir. 1993); *In the Matter of Omni Video, Inc.*, 60 F.3d 230, 233 (5th Cir. 1995).

4

dismissing Case No. 05-12492 with prejudice for failure to comply with the bankruptcy court's order is **AFFIRMED**.

SIGNED this 25th day of September, 2008.

_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE